IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM, | No. 2:15-CV-0998-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| EDMOND G. BROWN, et al., | |
|     Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). Also before the court is plaintiff's motion for the appointment of counsel (Doc. 2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff states that, on March 17, 2014, in response to a federal court order, the California Department of Corrections and Rehabilitation submitted recommendations to reduce the state's inmate population. One of those recommendations was to increase the rate at which certain inmates earn credits towards early release. Inmates convicted of violent crimes, sex crimes, or third strikes, as well as maximum security inmates, would not be eligible. Plaintiff claims that the exclusion of sex offenders violates the Fourteenth Amendment's guarantee of equal protection.

The court finds that plaintiff's claim suffers a number of fatal defects. First, plaintiff's claim is premature in that he fails to include any allegations that the recommendations have in fact been adopted. Until such time as the recommendations are made a part of state law, plaintiff's claim is not ripe. Second, any challenge to prison policy promulgated in response to a federal court order should be litigated in the context of that federal action, not a new action such as plaintiff's current action. Third, in the context of the merits of his Fourteenth Amendment claim, plaintiff does not have standing to sue because he has not alleged that he is a sex offender.

Additionally, even if plaintiff's claim was ripe, the claim would not be cognizable. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

        In this case, plaintiff alleges that a (proposed) prison regulation violates his right to equal protection because it excludes sex offenders.  If successful, the exclusion of sex offenders would be invalid and, as a result, plaintiff would be entitled to earn credits towards release at an increase rate.  This in turn would result in plaintiff's speedier release from prison.  Because success on the merits of plaintiff's claim would result in plaintiff's speedier release, his claim is not cognizable.

/ / /

/ / /

1       Plaintiff seeks the appointment of counsel. The United States Supreme Court has
2   ruled that district courts lack authority to require counsel to represent indigent prisoners in
3   § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain
4   exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
5   28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
6   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional
7   circumstances" requires an evaluation of both the likelihood of success on the merits and the
8   ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal
9   issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be
10  viewed together before reaching a decision. See id.

11      In the present case, the court does not at this time find the required exceptional
12  circumstances. First, plaintiff has demonstrated an ability to articulate his claims, which do not
13  involve complex legal issues. Second, for the reasons discussed above, the court finds that
14  plaintiff does not have a likelihood of success on the merits of this civil action.

15      Because it does not appear possible that the deficiencies identified herein with
16  respect to plaintiff's complaint can be cured by amending the complaint, plaintiff is not entitled
17  to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122,
18  1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the
19  date of this order, why this action should not be dismissed for failure to state a claim. Plaintiff is
20  warned that failure to respond to this order may result in dismissal of the action for the reasons
21  outlined above, as well as for failure to prosecute and comply with court rules and orders. See
22  Local Rule 110.
23  / / /
24  / / /
25  / / /
26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (Doc. 2) is denied; and

2. Plaintiff shall show cause in writing within 30 days of the date of this order why this action should not be dismissed for failure to state a claim.

DATED: March 10, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE